**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**MONTRELL WELLS**                                                                                        **PLAINTIFF**

**V.**                                                         **NO.: 3:14CV260-SA-JMV**

**JIMMY GIBBS and
DAREN THOMAS**                                                                **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Montrell Wells, a pretrial detainee[1] currently housed at the Tallahatchie County Correctional Facility ("TCCF"), has filed a civil rights suit pursuant to 42 U.S.C. § 1983 against Tutwiler, Mississippi, police officers Jimmy Gibbs and Daren Thomas, alleging that they unlawfully arrested him and improperly charged him with a felony offense. Having fully considered Plaintiff's allegations and the applicable law, the Court finds that the instant complaint should be dismissed.

**Screening Standards**

Because Plaintiff has been permitted to proceed *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 § U.S.C. 1915(e)(2); *see also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status). Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss it if it is "frivolous or malicious," if it "fails to

---

[1] Although Plaintiff does not identify himself as a pretrial detainee, an online search of the inmate records for the Mississippi Department of Corrections reveals that he is not currently a convicted inmate. *See* http://www.mdoc.state.ms.us/InmateTest.asp (search by last and first name) (last visited March 12, 2015).

state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A(b).

## Discussion

Plaintiff alleges that on or about September 15, 2014, Defendants, officers with the Tutwiler, Mississippi, police department, unlawfully arrested him for domestic assault, resisting arrest, and disorderly conduct based on the testimony of his girlfriend, who was upset and just wanted to get Plaintiff into trouble. Plaintiff maintains that Defendants have a personal relationship with the alleged victim, and that they used their authority to charge him with a felony, even though his conduct merited only a misdemeanor charge. Plaintiff asks the Court to award him damages for his mental stress and anguish.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a plaintiff cannot challenge his imprisonment under 42 U.S.C. § 1983 unless he shows:

> that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of the outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id*. at 486-87 (footnotes omitted). In this case, Plaintiff has not yet been convicted. *Heck* does not bar "an action which would impugn *an anticipated future conviction*[.]" *Wallace v. Kato*,

2

549 U.S. 384, 393 (2007) (emphasis in original). However, the Supreme Court has held:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Id.* (citations and internal citations omitted). While it does not appear that Plaintiff has been convicted of a crime based on the charges he complains of in this case, a successful § 1983 action based on allegations of unlawful arrest would necessarily imply the invalidity of any future conviction that might result from the charges against Plaintiff and would, therefore, implicate *Heck*. Accordingly, the Court will dismiss this action without prejudice to Plaintiff's ability to bring a § 1983 action upon resolution of his criminal case.[2]

## Conclusion

For the reasons set forth herein, the Court **ORDERS** that the instant complaint is **DISMISSED** without prejudice, and that all pending motions be **DISMISSED** as moot. A separate final judgment will enter today.

**SO ORDERED** this the 12th day of March, 2015.

    /s/ Sharion Aycock
    **U.S. DISTRICT JUDGE**

---

[2] The Court acknowledges that it has the authority to stay this civil case pending the outcome of Plaintiff's criminal case, but it finds dismissal without prejudice a more efficient use of judicial resources under the circumstances presented.